UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES PELTIER (#155302),

        Plaintiff,

v.

        Case No. 2:15-CV-13717
        Judge Robert H. Cleland
        Magistrate Judge Anthony P. Patti

CONSTANCE DERAKHSHANDEH,

        Defendant.

_____/

## REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S OCTOBER 15, 2015 MOTION FOR TEMPORARY RESTRAINING ORDER (DE 3)

**I.**    **RECOMMENDATION**: The Court should **DENY WITHOUT PREJUDICE** Plaintiff's October 15, 2015 motion for a temporary restraining order (DE 3).

**II.**    **REPORT:**

    **A.**    **Background**

Plaintiff Charles Peltier (#155302) is currently incarcerated at the MDOC's Thumb Correctional Facility (TCF) in Lapeer, Michigan.[1] On October 15, 2015, while incarcerated at TCF, Plaintiff filed the instant lawsuit against Defendant

---

[1] *See* www.michigan.gov/corrections, "Offender Search."

1

Constance Derakhshandeh, who is identified as a TCF Corrections Officer. (DE 1.) Among other things, Plaintiff's complaint mentions MDOC PD 05.03.116 ("Prisoners' Access to the Courts") and a December 30, 2013 Class II misconduct report written by Defendant for "insolence/unauthorized communication." (DE 1 at 4-9, 11.)[2]

Defendant has yet to be appear in this case. Plaintiff's application to proceed in district court without prepaying fees or costs was granted on November 10, 2015, and the U.S. Marshal was ordered to effect service without prepayment of costs. (DEs 2, 5, 6 & 7.) By a letter dated December 2, 2015, a TCF Litigation Coordinator informed the U.S. Marshal that Defendant was away from the work location and the expected date of return was unknown. (DE 10.) Therefore, on December 23, 2015, I entered an order directing service without prepayment of costs and directing the MDOC to provide certain information, namely Defendant's last known address. (DE 11.) It appears that another attempt at service was made on or about January 14, 2016. (DE 12.) Thus, the U.S. Marshal's efforts to serve Defendant are still ongoing.

### B. Instant Motion

---

[2] Plaintiff is also a party to *Peltier v. Heyns, et al.*, Case No. 2:15-cv-13719-GER-DRG (E.D. Mich.), and *Peltier v. Valone*, Case No. 2:16-cv-10209-LJM-MKM (E.D. Mich.).

Judge Cleland has referred this case to me for pretrial matters. (DE 9.) Currently before the Court is Plaintiff's October 15, 2015 motion for a temporary restraining order. (DE 3.) In sum, Plaintiff is concerned about being transferred to one of the MDOC's correctional facilities located in Michigan's upper peninsula, seemingly in retaliation for filing his lawsuit(s).

### C.  Standard

"In deciding whether a plaintiff is entitled to a temporary restraining order or preliminary injunction, courts are to consider four factors:

(1)  whether the plaintiff has a strong likelihood of success on the merits;

(2)  whether [the Plaintiff] would suffer irreparable harm if preliminary relief is not issued;

(3)  whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and

(4)  whether the public interest would be served by the issuance of a preliminary injunctive order.

<u>Great Lakes Home Health Servs. Inc. v. Crissman</u>, No. 15-CV-11053, 2015 WL 6667772, at *3 (E.D. Mich. Nov. 2, 2015) (quoting *Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982)).

### D.  Discussion

3

Plaintiff asks the Court to "impede any revenge[,]" presumably by preventing his transfer to an upper peninsula correctional facility. (*See* DE 3 at 2.) In so doing, Plaintiff discusses the consequences of being incarcerated in such a "remote" correctional facility, many of which concern alleged effects upon his access to courts.

However, Plaintiff has not shown that he will suffer irreparable harm if the TRO he seems to request – a temporary restraining order preventing the MDOC from transferring him to one of Michigan's upper peninsula correctional facilities – is not entered. No matter where he is incarcerated in the State of Michigan, he will have access to the federal courts, either here or in the Western District. Moreover, he has shown neither a strong likelihood of success on the merits nor any evidence that his fears and suspicions of retaliation have any basis in fact. Therefore, the Court should deny Plaintiff's motion for injunctive relief without prejudice.

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others

with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: January 29, 2016
        s/Anthony P. Patti
        Anthony P. Patti
        UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 29, 2016, electronically and/or by U.S. Mail.

        s/Michael Williams
        Case Manager for the
        Honorable Anthony P. Patti