UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES PELTIER,

    Plaintiff,

v.                                        Case No. 15-13717

CONSTANCE DERAKHSHANDEH,

    Defendant.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

Pending before the court is the Report and Recommendation ("R. & R.") of Magistrate Judge Anthony P. Patti, (Dkt. # 15), which recommends denying Plaintiff's Motion for a Temporary Restraining Order, (Dkt. # 3). Plaintiff has filed an Objection. (Dkt. # 19.)  The court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below and in the well-reasoned R. & R., the court will overrule Plaintiff's Objection, adopt the R. & R., and deny Plaintiff's Motion for a Temporary Restraining Order.

### I. STANDARD

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1).  See *United States v. Raddatz,* 447 U.S. 667 (1980); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  This *de novo* review requires this court to examine the relevant pleadings and such evidence as may

have ben submitted in support of the motions to determine the outcome of the motions.

Failure to file objections and failure to file *specific* objections each constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise only some issues in the report and recommendation, but fail to raise others with specificity, will not preserve all the objections a party might have. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370 (6th Cir. 1987); *Willis v. Sec'y of HHS*, 931 F.2d 390 (6th Cir. 1991).

## II. DISCUSSION

Plaintiff lodges what appears to be one general objection. Construing the *pro se* filing liberally, he argues that the Magistrate Judge misapplied the four-factor test courts utilize in considering a motion for a temporary restraining order. *See Sandison v. Mich. High Sch. Athletic Ass'n, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995) (considering the likelihood of success on the merits, the potential for irreparable harm, the interest of third parties, and the public's interest). Plaintiff seeks to restrain the Michigan Department of Corrections from transferring him to another prison, but he has not established that such a transfer would cause him irreparable harm, as the Magistrate Judge found. He will have access to substantially similar facilities and resources wherever he is housed. Plaintiff has also failed to established a likelihood of success on the merits and has not proffered any evidence to show that his fears of a retaliatory transfer have any basis. The court has reviewed Plaintiff's Motion and the Magistrate Judge's R. & R. and determines that it is correctly reasoned and that Plaintiff's objection should be overruled.

### III. CONCLUSION

For the reasons discussed above, IT IS ORDERED that Plaintiff's Objection (Dkt. # 19) is OVERRULED and the magistrate judge's report and recommendation (Dkt. # 15) is ADOPTED IN FULL and incorporated by reference.

IT IS FURTHER ORDERED that Plaintiff's Motion for a Temporary Restraining Order (Dkt. # 3) is DENIED.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: April 12, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 12, 2016, by electronic and/or ordinary mail.

    S/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522